UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD BURGO | * | CIVIL ACTION NO. 14-2658 |
| VERSUS | * | SECTION: "N"(1) |
| KIM. P STANSBURY, ET. AL. | * | JUDGE KURT D. ENGELHARDT |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

*****************************************

## ORDER

Before the Court is the Motion to Amend Pleadings filed by plaintiff Donald Burgo (Rec. Doc. 29). For the following reasons, the Motion is GRANTED. IT IS FURTHER ORDERED, that the plaintiff file a memorandum establishing the Court's federal jurisdiction by listing each defendant, the claim against such defendant, the basis for jurisdiction over such defendant, and the reason why such defendant is not immune from suit, **on or before October 31, 2016**.

## Background

On August 4, 2014, the plaintiff, Donald Burgo, presented a handwritten complaint for filing with the Clerk for the Western District of Louisiana in Shreveport. Rec. Doc. 1. His complaint was transferred to the Eastern District of Louisiana, Rec. Doc. 4, and filed into the record on December 29, 2014. Rec. Doc. 8. On that same day Mr. Burgo filed an Amended Complaint, which was handwritten onto a form. Rec. Doc. 9. His motion for leave to proceed in forma pauperis was denied on January 13, 2015, because the Court found that Mr. Burgo had, while incarcerated, filed at least five civil actions that were dismissed as frivolous or for failure to state a claim. Rec. Doc. 11. Under 28 U.S.C. § 1915, a prisoner may not proceed in forma pauperis if he has filed actions that were dismissed as frivolous or for failure to state a claim on

1

three or more occasions. On June 8, 2016, Mr. Burgo demanded a jury. Rec. Doc. 19. And on June 14, 2016, his filing fee was received by the Court.

On July 5, 2016, observing that no defendants had been served, this Court granted Mr. Burgo leave to file a second amended complaint. Rec. Doc. 22. The Court also found the amendment to be required by justice because the Second Amended Complaint was typewritten, while the Complaint and First Amended Complaint were handwritten and not completely legible. In his Second Amended Complaint, Mr. Burgo raises claims against the following individuals and entities: (1) Kim Stansbury, the city court judge that presided over Mr. Burgo's 2005 simple battery case, (2) Sostenes R. Ruis, III, the city court prosecutor in Mr. Burgo's 2005 simple battery case, (3) Robert Tracey, Mr. Burgo's defense counsel in his simple battery case in 2005, (4) Paul DeMahy, the judge in Mr. Burgo's second degree battery case in 2005, (5) James McClelland, the prosecutor in the 2005 second degree battery case; (6) James Caldwell, the Louisiana Attorney General as supervisor of the district attorneys that are defendants in this matter; (7) Greg Aucoin, Mr. Burgo's defense counsel in the 2005 second degree battery case, (8) Sherry Bayard, a court reporter who signed the transcript of a habitual offender proceeding during the sentencing phase of Mr. Burgo's 2005 second degree battery case; (9) Lois Burgo, an individual residing in Louisiana, (10) Diamond Burgo, an individual residing in Texas; (11) Robert Fuhrer, a Louisiana individual, Mr. Burgo's an attorney involved in the James Burgo succession proceeding; (12) Marion Henry, an individual residing in Kentucky; (13) Malcolm Sampey, an individual residing in Louisiana and an administrator of the James Burgo estate, (14) John Legendre, an individual residing in Louisiana and an administrator of the James Burgo estate, (15) Edward M. Leonard, Jr., the judge who signed the judgment of possession in the James Burgo succession proceeding; (16) Alfred Lippman, an individual residing in Louisiana

and the attorney who drafted the will and testament of James Burgo that allegedly preceded the 2010 will of James Burgo that was filed into the James Burgo succession proceeding; (17) Donald Bollinger, an individual residing in Louisiana; (18) Clifton Dickerson, III, an individual residing in Louisiana and attorney; (19) J. Ray McDermott, Co., Inc., a Texas corporation; (20) C.M. Thibodaux, Co., a company with its principal place of business in Louisiana; (21) the United States, (22) the Comptroller of Currency; (23) Cliff Dressel, an individual residing in Louisiana and the clerk of court for the 16th Judicial District where Mr. Burgo's 2005 second degree battery case was considered; (24) John/Jane Doe as placeholder defendant.

Mr. Burgo now moves to amend his complaint to add additional allegations. Rec. Doc. 29. He asserts he is entitled to do so under Federal Rule of Civil Procedure 15(a)(1)(A). Under that rule, the plaintiff may amend his pleadings <u>once</u> without leave of court within 21 days of service on the defendants. Fed. R. Civ. Proc. 15(a)(1)(A). However, Mr. Burgo has already exhausted his one opportunity to amend as a matter of course.

Proposed Amendment

When the time period to file an amendment without leave of court has passed, a party may amend its pleadings by consent of the parties or by leave of court. <u>Id.</u> R. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to

amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000).

Mr. Burgo's proposed amendment alleges physical injuries and monetary damages suffered during his incarceration, demands social security benefits (apparently for the time he was incarcerated when such benefits would have been suspended), demands a deposition, alleges payroll fraud arising out of a clerk of court's requiring payment of a filing fee as he already alleged in his pending complaint, appears to assert a state law breach of contract claim related to the alleged promise to purchase cigarettes, demands various records, claims damages under the Anti-Trust Law as he has already alleged in his pending complaint, claims Mr. Burgo may have a class action claim because veterans have been targeted which he also alleged in his pending complaint, claims various other items of damages, requests the usufruct of Lois Burgo be terminated, and seeks to add a malpractice claim against the state of Louisiana for its actions in defending this lawsuit. The only allegations that could be construed as new claims are the alleged malpractice claim against the State of Louisiana. The remainder appear to be repetitious of previous claims, assertions of additional damages, or demands for discovery. While the amendment may be futile because of the jurisdictional and immunity issues identified below, the Court finds that justice requires the amendment be allowed at this time, with the jurisdictional and immunity issues to be decided at a later date. Defendants are just now making their appearances, and the Court finds no prejudice would be suffered by allowing the amendment. In

allowing the amendment, the Court is cognizant that a pro se complaint is held to less stringent standards than pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

## Jurisdiction of the Court

Although the amendment will be allowed, this Court must have jurisdiction over Mr. Burgo's claims if he will be allowed to proceed. Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. Proc. 12(h)(3)).

Some of Mr. Burgo's claims relate to alleged constitutional violations during the trial of Mr. Burgo on the charge of simple battery, which was converted to a charge of second degree battery. These claims may confer jurisdiction under 28 U.S.C. § 1331 if they give rise an action under 28 U.S.C. § 1983. Section 1983 provides a cause of action against municipalities, state and local officials, and other defendants who acted under state law. However, it appears that every defendant against whom a constitutional violation is alleged would be immune from suit. Prosecutors are immune from suit. Imbler v. Pachtman, 424 U.S. 409, 428–29 (1976). Defense counsel is immune from suit. Briscoe v. LaHue, 460 U.S. 325, 330 n. 6 (1983). Judges and other officers of the court are immune from suit. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)). The state of Louisiana is immune from suit. Vogt v. Bd. of Comm'rs of Orleans Levee Dist., 294 F.3d 684, 688 (5th Cir. 2002).

Thus, the following defendants that are implicated in Mr. Burgo's § 1983 claims appear to be immune from suit: (1) Kim Stansbury, the city court judge that presided over Mr. Burgo's 2005 simple battery case, (2) Sostenes R. Ruis, III, the city court prosecutor in Mr. Burgo's 2005 simple battery case, (3) Robert Tracey, Mr. Burgo's defense counsel in his simple battery case in 2005, (4) Paul DeMahy, the judge in Mr. Burgo's second degree battery case in 2005, (5) James McClelland, the prosecutor in the 2005 second degree battery case; (6) James Caldwell, the Louisiana Attorney General as supervisor of the district attorneys that are defendants in this matter; (7) Greg Aucoin, Mr. Burgo's defense counsel in the 2005 second degree battery case, (8) Sherry Bayard, a court reporter who signed the transcript of a habitual offender proceeding during the sentencing phase of Mr. Burgo's 2005 second degree battery case; and (23) Cliff Dressel, an individual residing in Louisiana and the clerk of court for the 16th Judicial District where Mr. Burgo's 2005 second degree battery case was considered.

Mr. Burgo also asserts state law claims, which all appear to arise out of the succession of James Burgo. The Court notes that the judge made defendant as to these claims ((15) Edward M. Leonard, Jr.) appears to be immune from suit. Moreover, the Court does not appear to have subject matter jurisdiction over Mr. Burgo's state law claims, which do not appear to arise out of the same facts and circumstances as the alleged § 1983 claims. In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988); Aetna Cas. & Surety Co. v. Hillman, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." Getty Oil, 841 F.2d at 1259; see McGovern v. American Airlines, Inc.,

511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" McGovern, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); see also Powell v. Abney, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. Patterson v. Patterson, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

Mr. Burgo's address indicates that he resides in Morgan City, Louisiana. Most of the state law claim defendants also reside in Louisiana, including (9) Lois Burgo, an individual residing in Louisiana, (11) Robert Fuhrer, a Louisiana individual, and an attorney involved in the James Burgo succession proceeding; (13) Malcolm Sampey, an individual residing in Louisiana and an administrator of the James Burgo estate, (14) John Legendre, an individual residing in Louisiana and an administrator of the James Burgo estate, (15) Edward M. Leonard, Jr., the judge who signed the judgment of possession in the James Burgo succession proceeding; (16) Alfred Lippman, an individual residing in Louisiana and the attorney who drafted the will and testament of James Burgo that allegedly preceded the 2010 will of James Burgo that was filed into the James Burgo succession proceeding; (17) Donald Bollinger, an individual residing in Louisiana; and (18) Clifton Dickerson, III, an individual residing in Louisiana and an attorney. Diversity of citizenship is incomplete. Accordingly, it appears that this Court does not have subject matter jurisdiction over Mr. Burgo's state law claims.

Because it appears that the Court does not have subject matter jurisdiction over at least some of Mr. Burgo's claims, the Court will require additional briefing to determine its jurisdiction.

## Conclusion

For the foregoing reasons, the Motion for Leave to Amend is GRANTED. It is further ordered that the plaintiff file a memorandum establishing the Court's federal jurisdiction by listing each defendant, the claim against such defendant, the basis for jurisdiction over such defendant, and the reason why such defendant is not immune from suit, **on or before October 31, 2016**.

New Orleans, Louisiana, this 4th day of October, 2016.

_____
JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE